UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO:

ALAN S. RAE and MELANIE RAE,
his wife,

    Plaintiff(s),

v.

THE HOME DEPOT U.S.A., INC.,
a Foreign Corporation and RICH MYERS,
Individually,

    Defendant(s).
_____/

## THE HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL

Defendant, THE HOME DEPOT U.S.A., INC., ("Home Depot"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Honorable Court the action filed in the 15th Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2019-016415-XX, with full reservation of rights, exceptions, and defenses, and states in support thereof:

### I. BACKGROUND

1. On or about December 24, 2019, Alan S. Rae and Melanie Rae, ("Plaintiffs"), commenced the instant action by filing a Complaint in the 15th Judicial Circuit Court in and for Palm Beach County, Florida. *See* Complaint attached as **Exhibit "A."**

2. The Complaint was served on Home Depot on or about January 6, 2020. *See* Return of Service attached as **Exhibit "B."**

3. Plaintiff asserts generally that Home Depot maintained its premises in a negligent manner, resulting in Plaintiff's alleged incident. *See* **Ex. "A."**

4. The Complaint also generally alleges that this is an action for damages exceeding $15,000.00 exclusive of costs of interest. *Id.* at ¶ 1.

5. On January 24, 2019, at the request of undersigned counsel, Plaintiff provided their Demand with medical bills and records related to treatment Plaintiff received related to the subject incident. Plaintiff's medical bills totaled One Hundred and Two Hundred and Fifty-Eight Thousand, Nine Hundred and Twelve dollars and 93/100 cents ($258,912.93) and his demand totaled One Million dollars and 00/100 cents (1,000,000.00)[1].

6. This matter is removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

7. On September 16, 2020, the Court entered an Order dismissing Counts II and III of Plaintiff's Complaint, as alleged against individual Defendant, Rich Meyers. *See* a copy of the Order of Dismissal Attached as **Exhibit "C."**

8. Home Depot attaches hereto, and makes a part of this notice, a copy of the process, pleadings, and other papers filed in the 15th Judicial Circuit Court in

---

[1] The medical records and demand referenced are not attached to this Motion to prevent any sensitive medical information from entering the public domain. These records will be made available to the Court upon request.

and for Palm Beach County, Florida together with a docket sheet from the Clerk of the Court.  *See* State Court Filings attached as **Exhibit "D."**

9.   Home Depot reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.   REMOVAL IS TIMELY

10.   In accordance with 28 U.S.C. § 1446(b)(3), Home Depot files this Notice of Removal within thirty (30) days of the date that the matter became removable. This case only became removable on September 16, 2020, the date on which the Court entered its Order dismissing all counts against individual defendant, Rich Meyers. Prior to said Order granting Defendant's Motion to Dismiss Rich Meyers, the case was not removable as the Plaintiffs and Mr. Meyers are both domiciled in Florida, which defeated the necessary diversity of citizenship. The thirty (30) day period commenced once Mr. Meyers was dismissed because diversity of citizenship exists between the Plaintiffs, citizens of Florida, and Home Depot, a Delaware corporation with a principal place of business in Georgia.

11.   Venue exists in the United States District Court for the Southern District of Florida, West Palm Beach Division, because the 15th Judicial Circuit Court in and for Palm Beach County is located in the City of West Palm Beach, Florida, which is located within the United States District Court for the Southern District of Florida, West Palm Beach Division.

## III.   THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

14.   Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

3

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

    **A.**    **Citizenship of HOME DEPOT U.S.A., INC.**

15.    Home Depot U.S.A., Inc. is a foreign limited partnership which is, and was at the time the above captioned case was filed in State Court, a "resident" of Georgia and Delaware.

16.    Home Depot U.S.A., Inc. is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware.

17.    Home Depot U.S.A., Inc., at the time the Complaint was filed and currently, is a corporation that lawfully does business in numerous states but was not, and is not, incorporated in any state other than the State of Delaware.

18.    The principal place of business for Home Depot U.S.A., Inc. is, and was at the time of filing the Complaint, Atlanta, Georgia.

19.    At no time material has Home Depot U.S.A., Inc., or its general or limited partners, been a citizen of Florida. *See* Florida Department of State, Division of Corporations, and Detail by Entity Name attached as **Exhibit "E."**

    **B.**    **Citizenship of the Plaintiffs, Alan S. Rae and Melanie Rae**

20.    Plaintiffs, Alan S. Rae and Melanie Rae, were at all times material to this action a residents of Palm Beach County, Florida. Although Plaintiffs' Complaint does not specifically state Plaintiffs' citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship."

4

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

21. Here, Plaintiffs allege they are residents of Palm Beach County. *See* Ex. "A" at ¶ 2. Plaintiffs' Palm Beach County, Florida residence is prima facie evidence of their domicile, which is equivalent to citizenship for purposes of establishing diversity. *See Katz,* 2009 WL 1532129 at *3.

## IV.   AMOUNT IN CONTROVERSY

22. The amount in controversy in this lawsuit clearly exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $15,000.00 jurisdictional minimum, it is clear from Plaintiff's medical records that the Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on the medical records received from the plaintiff); *see also Alshakanbeh v. Food Lion, LLC,* No. 3:06-cv-1094-J-12HTS, 2007 U.S. Dist. LEXIS 20746 at **7-8 (M.D. Fla. March 23, 2007) (Used past and future medical costs to determine the amount in controversy exceeded $75,000.00); *Mirras v. Time Insurance Co.*, 578 F.Supp.2d 1351 (M.D. Fla. 2008) (Considered past medical expenses to determine the amount in controversy)

23. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz*, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.*, 483

F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." Id (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." Id.

24. Plaintiffs alleged actual damages and cost of future medical care conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum.

25. Specifically, as January 24, 2019, the Plaintiff's past medical bills total $258,912.93. *See* fn. 1.

26. Further, Plaintiff seeks One Million dollars ($1,000,000.00) in damages for past and future pain and suffering, as well as economic damages as a result of the alleged incident in his Complaint. *See* fn. 1

27. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's demand package. *Katz,* 2009 WL 1532129 at 4.

28. The evidence provided above clearly demonstrates the Plaintiffs' claimed damages in the instant case far exceed $75,000.00. Accordingly, Home Depot

has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V.   CONCLUSION

Because the parties are citizens of different states, and because the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) dollars exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Upon filing of this Notice of Removal, Home Depot will promptly give written notice to Plaintiff and to the Clerk of the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, Florida.

WHEREFORE, Defendant, HOME DEPOT U.S.A, INC., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, case number Case No. 50-2019-CA-016415-XXXX be removed to the United States District Court for the Southern District of Florida, West Palm Beach Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Home Depot is entitled.

Dated: September 23, 2020

Respectfully submitted,

/s/ Jennifer Miller Brooks
Jennifer Miller, Esq.
Florida Bar No.: 12465
jmiller@hamiltonmillerlaw.com
Zachary E. Doniger, Esq.
Florida Bar No.:   1010218
zdoniger@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
*Attorneys for Defendant*

150 Southeast Second Avenue, Suite 1200<br>
Miami, Florida 33131-2332<br>
Telephone:   (305) 379-3686<br>
Facsimile:   (305) 379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 23, 2020, I electronically filed the foregoing document with the Clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<i>/s/ Jennifer Miller Brooks</i><br>
Jennifer Miller

## SERVICE LIST

Law Offices of Craig Goldenfarb, P.A.
Jeffrey D. Kirby, Esq.,
1800 S. Australian Ave., Suite 400
West Palm Beach, Florida 33409
Telephone: (561) 697-4440
jkirby@800goldlaw.com
egreczel@800goldlaw.com
mschiller@800goldlaw.com

8

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 ·  FACSIMILE: 305-379-3690