# "Exhibit A"

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

ALAN S. RAE and MELANIE RAE, his wife,

    Plaintiffs,

vs.

HOME DEPOT U.S.A., INC., a Foreign Corporation and RICH MYERS, individually,

    Defendants,
_____/

## COMPLAINT

**COMES NOW** the Plaintiffs, ALAN S. RAE and MELANIE RAE, his wife, by and through the undersigned attorneys, and hereby sues the Defendants, HOME DEPOT U.S.A., INC., a Foreign Corporation and RICH MYERS, individually, and allege as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of the sum of Fifteen Thousand ($15,000.00) Dollars, exclusive of costs, interest and attorney's fees.

2. At all times material hereto, the Plaintiffs, ALAN S. RAE and MELANIE RAE, are and were residents of Palm Beach County, Florida and were otherwise sui juris.

3. At all times material hereto, the Defendant, HOME DEPOT U.S.A., INC., (hereinafter referred to as **"HOME DEPOT"**), was a corporation duly licensed and authorized to conduct business in the State of Florida, and doing business in Palm Beach County, Florida.

4. At all times material hereto, the Defendant, RICH MYERS, was the store manager of the subject THE HOME DEPOT, U.S.A., INC. store known as, Home Depot, and was a resident of Palm Beach County, Florida.

## COUNT I – NEGLIGENCE OF HOME DEPOT

5. The Plaintiff, ALAN S. RAE, hereby re-alleges and re-avers each and every General Allegation contained in paragraphs 1-4, above, as though fully set forth herein.

6. On or about the date of the accident, August 26, 2017, the Defendant, HOME DEPOT U.S.A., INC., owned, operated, managed and/or was in control of a business located at 5750 Jog Road, Palm Beach County, Florida and known as The Home Depot.

7. At the time and place aforesaid, the Plaintiff was legally upon the property of the Defendant as a business invitee and as a member of the general public that was expressly or impliedly invited upon said premises for the benefit of the Defendant and was injured when he slipped and fell on silica sand loaded onto a cart by a customer wishing to buy it and who likely spilled the sand out of a torn bag on the floor of aisle number 33.

8. At the time and place aforesaid, the Defendant, through its agents, servants and/or employees, while acting within the scope and course of such agency or employment, were negligent in one or more of the following ways:

   a. Failing to maintain the premises and/or its areas of ingress and egress in a reasonably safe condition.

   b. Failing to correct a dangerous condition that it knew or reasonably should have known existed.

    c. Failing to warn plaintiff about a dangerous condition that the defendant reasonably did or reasonably should have had superior knowledge about and that plaintiff did not know existed.

    d. Failing to correct a dangerous condition that occurred with regularity and that was therefore foreseeable.

    e. Failing to train its employees in the proper methods of inspecting for, cleaning up and/or warning about a dangerous condition that the defendant knew or should have known existed or that occurred with regularity and that was therefore foreseeable.

    f. Creating the condition by its business activities and the activities of its agents, employees, vendors, suppliers and/or authorized representatives.

    g. By engaging in a negligent or unreasonable mode of business operation.

    h. The condition occurred with regularity and was therefore foreseeable.

    i. In other ways to be determined in discovery.

9. The Defendant, HOME DEPOT, had actual or constructive knowledge of the dangerous condition and failed to take action to remedy it.

10. The Defendant, HOME DEPOT, its agents, servants, and/or employees acting within the course and scope of such agency, service or employment, had a non-delegable duty to the general public to properly maintain said premises in a reasonably safe condition for the general public while they were on the premises, especially in view of the fact that such condition was known or should have been known to the Defendant.

11. As a direct and proximate result of the negligence of Defendant, HOME DEPOT, the Plaintiff, ALAN S. RAE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization,

medical and nursing care and treatment, loss of earnings and loss of ability to earn money and aggravation of any pre-existing condition. The losses are either permanent or continuing in nature and Plaintiff, ALAN S. RAE, will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, ALAN S. RAE, demands judgment for damages against the Defendant, HOME DEPOT, plus costs and post judgment interest and further demands trial by jury.

### COUNT II – NEGLIGENCE OF RICH MYERS (MANAGER)

12. The Plaintiff, ALAN S. RAE, hereby re-alleges and re-avers each and every General Allegation contained in paragraphs 1-4, above, as though fully set forth herein.

13. On or about the date of the accident, August 26, 2017, the Defendant, RICH MYERS, operated, managed and/or was in control of all employees at a business located at 5750 Jog Road, Palm Beach County, Florida and known as The Home Depot.

14. At the time and place aforesaid, the Plaintiff was legally upon the property managed and controlled by the Defendant as a business invitee and as a member of the general public that was expressly or impliedly invited upon said premises for the benefit of the Defendant, RICH MYERS, and his employer, Defendant, THE HOME DEPOT and was injured when he slipped and fell on silica sand loaded onto a cart by a customer wishing to buy it and who likely spilled the sand out of a torn bag on the floor of aisle number 33.

15. At the time and place aforesaid, the Defendant, Manager, RICH MYERS, while acting within the scope of her employment, was negligent in one or more of the following ways:

   a. Failing to train employees under his supervision in the proper methods of safely stacking bags of sand for display and instructing them to remove any torn bags of sand so that the product was not spilled throughout the store.

b. Failing to warn the Plaintiff that employees were placing torn bags of sand out for sale and that customers were spilling the sand in the store as they shopped.

c. Failing to maintain the premises and/or its areas of ingress and egress in a reasonably safe condition.

d. Failing to correct a dangerous condition that he knew or reasonably should have known existed.

e. Failing to warn plaintiff about a dangerous condition that the defendant reasonably did or reasonably should have had superior knowledge about and that plaintiff did not know existed.

f. Failing to correct a dangerous condition that occurred with regularity and that was therefore foreseeable.

g. Failing to train employees under his control and supervision in the proper methods of inspecting for, cleaning up and/or warning about a dangerous condition that the defendant knew or should have known existed or that occurred with regularity and that was therefore foreseeable.

h. Creating the condition by his business activities and the activities of agents, employees, vendors, suppliers and/or authorized representatives under Defendant's direction and control.

i. By engaging in a negligent or unreasonable mode of business operation.

j. The condition occurred with regularity and was therefore foreseeable.

k. In other ways to be determined in discovery.

16. The Defendant, RICH MYERS, while acting within the course and scope of her employment, owed the Plaintiff a non-delegable duty to Plaintiff to properly train and manage

employees under her supervision and to maintain said premises in a reasonably safe condition for the general public while they were on the premises.

17. As a direct and proximate result of the negligence of Defendant, RICH MYERS, the Plaintiff, ALAN S. RAE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation of any pre-existing condition. The losses are either permanent or continuing in nature and Plaintiff, ROSE M. ANGELL, will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, ALAN S. RAE, demands judgment for damages against the Defendant, RICH MYERS, plus costs and interest and further demands trial by jury.

DATED: December 24, 2019.

LAW OFFICES OF CRAIG GOLDENFARB, P.A.
*Counsel for Plaintiffs*
1800 S. Australian Ave., Ste. 400
West Palm Beach, FL 33409
(561) 697-4440

By: Jeffrey Kirby
**JEFFREY D. KIRBY, ESQ.**
*FL Bar No.: 860654*
RaeAlan5543743@projects.filevine.com
JKirby@800goldlaw.com
EGreczel@800goldlaw.com
MSchiller@800goldlaw.com